PER CURIAM.
Based upon our review of the briefs and oral argument and upon consideration of the record on appeal we are of the opinion that reversible error has not been made to clearly appear. With particular regard to the voluntariness of defendant’s plea we are of the view that the record affirmatively shows that the defendant intelligently and understandably entered his plea of guilty without misapprehension, ignorance, fear or inducement.[1]
Affirmed.
*230 MAGER and DOWNEY, JJ., concur.
WALDEN, J., dissents, with opinion.

. The testimony at the hearing held on defendant’s motion to withdraw his guilty plea refutes the contention of the defendant that the public defender assigned to represent him misled him as to the nature of the sentence he would receive. Illustrative of the foregoing is the following colloquy between defendant’s attorney (in the proceedings below) and the public defender:
“Q Okay. Based on what you know of this Defendant’s education and his intelligence and whatnot is there any chance that in the discussions of the woman, Epifanía Rodriquez, that the Defendant would have felt that if he pled out she would go free and not be further prosecuted in this case?
“A The way that I would say from what I would know about what I have said to him, there is no way he could possibly get the feeling that he was doing anything for the woman in connection with his plea. It is also my impression from what I have said to him that nobody was promising him anything and neither was the Judge, and if he took the plea that the Judge could give him up to 15 years and if he didn’t take the plea the Judge would have nothing to do with the decision of guilt or innocence be *230 cause I go into that also. I don’t know how that came across in Spanish because I don’t speak Spanish. I never had any problems with Mary (one of the interpreters) before and we have handled together many, many, many cases. I also know that this man, after the plea and so on accused Mary of working for the State.”
(Transcript 20-21)